OPINION OF THE COURT
Joseph J. Sedita, J.
This matter challenges action by the City of Buffalo Common Council in approving the extension of the cable television franchise of Cablescope, Inc. Said company has, as one of its offerings, an “adult” channel which petitioner feels is obscene and detrimental to the public. The more specific legal objection raised by petitioner is that it did not receive reasonable notice of the public hearing held prior to action by the common council on this matter.
Cable television in New York State is regulated by the State Commission on Cable Television established under article 28 of the Executive Law. Pursuant to its powers under this article, the commission promulgated regulations to effectuate its responsibilities. One such regulation requires a public hearing with “reasonable notice to the public”. (9 NYCRR 592-1.1, 592-1.3 [b].) Petitioner alleges violation of this requirement as well as the requirements of the State Open Meetings Law. (Public Officers Law, art 7, §99.)
The allegations of the petitioner, if true, may well make a case for the proposition that notice of this hearing was *497 something less than what would be calculated to adequately inform all interested segments of the public with some minimal time to prepare remarks. Legal notices buried in the back of a newspaper are hardly the sort of notice calculated to fully inform the public. The newspaper coverage in advance of this hearing (according to respondent’s own exhibit) was on the very morning before the hearing. There is even an allegation here that petitioner was given misleading information about when this hearing would be held. While no group deserves special treatment or notice, no group or citizen deserves to be misled by public officials or employees when making a reasonable request for information about a scheduled public event. It is incumbent upon our public officials to instill confidence in the fairness of the conduct of their official business.
While this court is not willing to discount the serious complaints articulated by petitioner, we must first determine if this court is, at this time, the appropriate body to review these complaints.
Article 28 of the Executive Law establishes a comprehensive framework for supervising and regulating the cable television industry in New York State. The statute clearly requires any new or renewal application to be reviewed and confirmed by the commission before it can go into effect. (See Executive Law, art 28, § 815, subd [5]; § 821.) The approval of the commission may be withheld if there has been a failure of compliance with the commission’s rules and regulations (§ 821, subd 3). And, the commission is empowered to hold a public hearing on any application for a certificate of confirmation. (§821, subd 2.) Clearly, the Legislature has provided a comprehensive administrative structure to review these franchise applications with opportunity for public input.
We feel that the clear legislative intent of this statutory scheme (art 28) requires the pursuit of administrative remedies before relief is sought in this court. (See CPLR art 78.) If petitioner is dissatisfied with the final action taken by the commission, court action will then be available to challenge the decision of the commission. It is at those very times when emotions and passions run highest *498 that the law must assert its role in judiciously resolving conflicts in our pluralistic society.
Accordingly, this motion is dismissed without prejudice to any later challenge to action taken by the commission on this franchise renewal application.